IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01478-WYD-KLM

JULIA CHUNG,

    Plaintiff,

v.

EL PASO COUNTY SCHOOL DISTRICT #11,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Order to Show Cause [#7][1] issued on December 1, 2015, to which Plaintiff timely filed a Response [#11].

    Plaintiff proceeds as a pro se litigant in this lawsuit. Because Plaintiff is proceeding pro se, the court must construe her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [her] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

---

[1] "[#7]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

As discussed in the Order to Show Cause, it has come to the Court's attention that the doctrine of res judicata appears to bar relitigation of the issues presented by Plaintiff in this lawsuit. The Court may raise this issue sua sponte. In *Arizona v. California*, the United States Supreme Court stated: "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). The circumstances of the present case involve the interests stated.

"Res judicata generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action. A claim is barred by res judicata when the prior action involved identical claims and the same parties or their privies." *Frandson v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (internal citation omitted). Thus, four elements must be met for res judicata to apply to a subsequently-filed claim: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim prior to the suit." *Howard v. Las Animas Cnty. Sheriff's Office*, No. 09-cv-00640-PAB-KLM, 2010 WL 1235668, at *6 (D. Colo. Feb. 23, 2010) (citing *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007)).

Regarding the first element, Plaintiff has filed two lawsuits in federal court: Civil Action No. 14-cv-01520-KLM and the present lawsuit, Civil Action No. 15-cv-01478-KLM.

Summary judgment was entered in favor of Defendant on all of Plaintiff's claims in the first lawsuit after the Court reviewed the merits of each claim.[2] *See Order* [#107] in 14-cv-01520-KLM. Final judgment was entered on July 22, 2015, *see* [#109] in 14-cv-01520-KLM, and an Amended Final Judgment was entered on November 17, 2015, *see* [#140] in 14-cv-01520-KLM.[3] Thus, the prior suit ended with a judgment on the merits, and this element is met. *See Mersmann*, 505 F.3d at 1049.

Regarding the second element, both lawsuits involve the same sole Plaintiff and the same sole Defendant, which is Plaintiff's current employer. *See Compl.* [#1] in 14-cv-01520-KLM; *Am. Compl.* [#4] ¶¶ 6-7. Plaintiff's assertion that the first lawsuit centered on the actions of Principal Sherry Kalbach and the current lawsuit centers on the actions of "the HR Director, the Title I Director, the Assistant Superintendent, and the Superintendent" does not change the fact that her employer is the only named Defendant in each lawsuit. *See Response* [#11] at 7-8. Thus, the parties are identical, and this element is met. *See Mersmann*, 505 F.3d at 1049.

---

[2] Plaintiff's first lawsuit was referred to the undersigned for all purposes pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c), on consent of the parties.

[3] Plaintiff appears to argue that there has not been a final judgment on her first lawsuit because she has appealed it to the Tenth Circuit Court of Appeals. *See Response* [#11] at 7. However, the question of whether Plaintiff has finished litigating her lawsuit in federal court is different from whether final judgment has entered in her lawsuit at the trial court level. As the Court explained in the Order to Show Cause [#7], even though Plaintiff's first lawsuit is presently on appeal with the Tenth Circuit Court of Appeals, res judicata may still be applied to her second lawsuit. "[A] final judgment from a lower court carries res judicata effect even though it is still subject to review by an appellate court." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 832 (10th Cir. 2005) (citing 18A Charles Alan Wright et al., *Federal Practice and Procedure* § 4433, at 78-85 (2d ed. 1992)); *see also Wexler v. United States*, 961 F.2d 221 (Table), 1992 WL 74167, at *1 (10th Cir. Apr. 7, 1992) ("It is well settled that a final judgment retains all of its res judicata consequences pending decision of the appeal . . . .") (citation omitted)). Thus, even though Plaintiff's first lawsuit is on appeal, overlapping claims in the present lawsuit may still be barred by res judicata.

Regarding the third element, the Court must determine whether identical claims were raised, or could have been raised, in both lawsuits. *See id.* The present lawsuit involves the following issues, which Plaintiff groups under the heading of a single claim:

> D-11 retaliated against Ms. Chung when it failed to hire her although she was the most qualified among the 3 candidates interviewed on August 3rd, 2013. Ms. Chung received disparate treatment when she was not called to the second interviews because of her race and national origin and D-11 retaliated against her because of the Complaint. Spanish-speaking applicants were treated better because they were called to come back for a second interview in November of 2013. The stated reason that they had selected a more qualified candidate on August 13th, 2013 was pretext for discrimination based on retaliation against Ms. Chung. Ms. Chung was well qualified for the position of Multi-lingual Facilitator based on her principal license, Master's Degree, experience in teaching ELL students, leadership experience in leading ELL Program and her linguistic abilities in speaking several languages. Ms. Chung's success in teaching 6th grade Reading diminished. Instead, she had to teach a subject which she had no training to do, and work under adverse conditions: small classroom with foldable walls unsuitable for sound and student mobility, no stage for performance, no sound equipment, not having enough text books, smaller supplies budget compared to similar disciplines, heavy scrutiny, and overtime work. Ms. Chung's career path in the pursuit of an administrative position in the School District was terminated by discrimination and retaliation. By the foregoing acts Defendant violated Title VII by discriminating against Ms. Chung because of her race, national origin, Chinese, in the terms, conditions and privileges of her employment. Defendant's actions were with malice and reckless disregard for Plaintiff's federally protected civil rights.

*Am. Compl.* [#4] ¶¶ 33-41. Thus, in short, Plaintiff asserts discrimination and retaliation by Defendant in violation of Title VII.

Comparing these events to those underlying her first lawsuit, Civil Action No. 14-cv-01520-KLM, the issues surrounding Plaintiff's interview for the position of Multi-lingual Facilitator in August 2013 were litigated in her prior case. *See, e.g.*, *Order* [#107] in 14-cv-01520-KLM at 10-11 (discussing facts presented on summary judgment regarding this event), 27-29 (discussing claims raised in connection with this event). Similarly, the issues

underlying Defendant's failure to return Plaintiff to a 6th Grade Reading assignment for School Year 2014-2015 were also litigated in her prior case.[4]  *See, e.g.*, *id.* at 11 (discussing facts presented on summary judgment regarding this event), 27-31 (discussing claims raised in connection with this event).  To the extent Plaintiff may not have raised all possible claims regarding these events at the time of her first lawsuit, there are no allegations in the Amended Complaint [#4] indicating that Plaintiff could not have raised additional issues in the earlier action.  *See Frandson*, 46 F.3d at 978 (stating that a party is precluded from litigating issues "that could have been raised in the earlier action").  Thus, the second lawsuit is based on the same causes of action, and the third element is met because the issues in the present lawsuit were decided or could have been raised in the earlier action.[5]  *See Mersmann*, 505 F.3d at 1049.

Regarding the fourth and final element, the Court must determine whether Plaintiff had a full and fair opportunity to litigate the claim or claims prior to the present lawsuit. *Mersmann*, 505 F.3d at 1049.  There are no allegations in the Amended Complaint [#4] that Plaintiff did not have a full and fair opportunity to litigate these issues in the first lawsuit. Indeed, in the prior lawsuit, after entry of the Order [#107] regarding Defendant's Motion for Summary Judgment [#79], Plaintiff filed several motions seeking reconsideration of the Court's prior Orders, asserting a number of reasons why she was not afforded a full and

---

[4] Although Plaintiff does not specify this school year when discussing her claim, she does so elsewhere in her Amended Complaint.  *See, e.g.*, [#4] ¶¶ 29-31.

[5] Plaintiff's argument that the causes of action in each lawsuit are different is solely based on her assertion that she did not assert a cause of action relating to the Multi-lingual Facilitator position in the prior lawsuit, an assertion which the Court has already determined is not supported by the record in her first lawsuit.  *See Response* [#11] at 8-10; *see Order* [#139] in 14-cv-01520-KLM at 7-8 (discussing which claims were asserted by Plaintiff and whether she had the opportunity to fully litigate them).

fair opportunity to litigate her lawsuit. The Court rejected each of these reasons. *See Order* [#139] in 14-cv-01520-KLM. In the Response [#11] to the Order to Show Cause [#7], Plaintiff provides a litany of reasons why she was not able to fully litigate the issues regarding the Multi-lingual Facilitator position in her first lawsuit. *See* [#7] at 10-14. However, in short, these reasons boil down to Plaintiff's disagreement with the Court's rulings in 14-cv-01520-KLM. The Court declines Plaintiff's invitation to discuss each of these issues for a second—or in some cases a third or fourth—time when the reasoning for each of its decisions is already on the record in 14-cv-01520-KLM. The Court only notes that, in her attempt to salvage this retaliation claim, Plaintiff misstates many of the Court's Orders from her first lawsuit. Thus, based on its first-hand knowledge of the first lawsuit, on the issues considered in connection with Plaintiff's motions for reconsideration, and on the allegations in the present lawsuit, the Court finds that Plaintiff had a full and fair opportunity to litigate the issues presented in this lawsuit as a part of her first lawsuit. Thus, the fourth and final element of res judicata is also met.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#7] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's Complaint [#1] be **DISMISSED** on the basis of res judicata.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 7, 2016                              BY THE COURT:

                                                                        /s/ Kristen L. Mix

                                                                        Kristen L. Mix
                                                                        United States Magistrate Judge