IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-01478-WYD-KLM

JULIA CHUNG,

    Plaintiff,

v.

EL PASO COUNTY SCHOOL DISTRICT #11,

    Defendant.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This matter is before me on the Recommendation of the United States Magistrate Judge (ECF No. 12).  The Plaintiff filed an objection (ECF No. 13) to the recommendation.  As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the Plaintiff objects and I have considered carefully the recommendation, the objections, and the applicable case law.  Accordingly, I overrule the objection and affirm and adopt the recommendation.

The Plaintiff is acting *pro se*.  Therefore, I construe her filings generously and with the leniency due *pro se* litigants, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

In her amended complaint, the Plaintiff brings claims of discrimination under Title VII against the El Paso County School District.  Specifically, Plaintiff alleges that the

Defendant discriminated against her based on her Asian race and national origin (Chinese) when Plaintiff was not hired by the Defendant school district for the job of Multilingual Program Facilitator. (ECF No. 4). According to the Plaintiff's allegations, Plaintiff was the most qualified candidate for the Multilingual Facilitator position, but was not hired due to her race and because she participated in protected activities such as filing a discrimination charge with the Equal Employment Opportunity Commission. Plaintiff also alleges that Defendant denied her request to return to her assignment as the 6th grade reading teacher for the same discriminatory reasons.

In the recommendation, the magistrate judge explains that she issued an Order to Show Cause in the case because she believed that the doctrine of res judicata bars relitigation of the issues presented by Plaintiff in this lawsuit. (Recommendation at 1-2). "A claim is barred by res judicata when the prior action involved identical claims and the same parties or their privies." *Frandson v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (internal citation omitted). Thus, four elements must be met for res judicata to apply to a subsequently-filed claim: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim prior to the suit." *Howard v. Las Animas Cnty. Sheriff's Office*, No. 09-cv-00640-PAB-KLM, 2010 WL 1235668, at *6 (D. Colo. Feb. 23, 2010) (citing *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007)).

The magistrate judge thoroughly analyzed the Plaintiff's claims asserted in this case and correctly applied the legal elements that must be satisfied for res judicata to

apply. More specifically, the magistrate judge noted that Plaintiff filed two lawsuits in this Court: Civil Action No. 14-cv-01520-KLM and the present lawsuit, Civil Action No. 15-cv-01478-KLM. The magistrate judge went on to explain that

> [s]ummary judgment was entered in favor of Defendant on all of Plaintiff's claims in the first lawsuit after the Court reviewed the merits of each claim. See Order [#107] in 14-cv- 01520-KLM. Final judgment was entered on July 22, 2015, see [#109] in 14-cv-01520- KLM, and an Amended Final Judgment was entered on November 17, 2015, see [#140] in 14-cv-01520-KLM. Thus, the prior suit ended with a judgment on the merits ....

(Recommendation at 3). "[B]oth lawsuits involve the same sole Plaintiff and the same sole Defendant, which is Plaintiff's current employer." (Recommendation at 3). The magistrate judge thoroughly analyzed the claims asserted in both lawsuits and determined that the issues surrounding both Plaintiff's interview for the position of Multilingual Facilitator in August 2013 and the Defendant's failure to return Plaintiff to a 6th grade reading assignment for school year 2014-2015 were litigated in her prior case. (Recommendation at 3-4). The magistrate judge further found that "[t]o the extent Plaintiff may not have raised all possible claims regarding these events at the time of her first lawsuit, there are no allegations in the Amended Complaint [#4] indicating that Plaintiff could not have raised additional issues in the earlier action." (Recommendation at 5). Finally, the magistrate judge determined that Plaintiff had a full and fair opportunity to litigate the issues present in the lawsuit. Thus, the magistrate judge concluded that the four elements of res judicata are satisfied.

Based on my careful review, the analysis, conclusions, and recommendations of the magistrate judge are correct. In her objection (ECF No. 13), the Plaintiff argues her

position that the magistrate judge exceeded her authority and erred in determining that the two lawsuits are based on the same cause of action.  Plaintiff further challenges the magistrate judge's determination that she had the opportunity to fully litigate her claims.  I conclude that the arguments asserted by the Plaintiff in her objection are incorrect.  The recommendation is affirmed.  Therefore, this case is dismissed.

Accordingly, it is

ORDERED that the Recommendation of the United States Magistrate Judge (ECF No. 12) is **APPROVED** and **ADOPTED** as an order of this court.  In accordance therewith, the Order to Show Cause (ECF No. 7) is **MADE ABSOLUTE**, and Plaintiff's Complaint is **DISMISSED** on the basis of res judicata.

Dated:  February 22, 2016

BY THE COURT:

/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE